## William Ridges v. City of Chicago.

1. NEGLIGENCE—*A question for the jury.*—Whether under given facts, the reliance of a servant upon a promise by the master to repair, and continued exposure to the known danger, is or is not negligence, is a question for the jury.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed November 2, 1897.

MUNSON T. CASE, attorney for appellant, contended that the legal effect of the motion to instruct the jury to return a verdict for the defendant was to admit not only the truth of the evidence of each and every witness, but all the legitimate and natural inferences to be drawn therefrom; and in this connection it is not for the trial court to pass upon the credibility of the witnesses, or hold, where, under the evidence introduced, there is a conflict upon any one question of fact, that the party on whose behalf the evidence is introduced is bound by the testimony of any one witness. If there is evidence tending to prove the contrary, his function is strictly limited to determining whether there is or is not

evidence legally tending to prove the fact or facts affirmed. He is never authorized to refuse to submit the cause to the jury or to direct a verdict for the defendant unless evidence given at the trial with all the inferences which the jury can justifiably draw from it is so insufficient to support a verdict for the plaintiff that such a verdict if returned must be set aside. Wenona Coal Co. v. Holmquist, 152 Ill. 581; Lake Shore & M. S. Ry. Co. v. Richards, Id. 59; Pullman Palace Car Co. v. Laack, 143 Ill. 242; Chicago & N. W. R. R. Co. v. Dunleavy, 129 Ill. 132; Bartelott v. International Bank, 119 Ill. 259; Frazer v. Howe, 106 Ill. 563.

The master is bound to use reasonable care in providing safe machinery, appliances, surroundings, etc., and the servant, in the absence of notice that the machinery, etc., is unsafe or defective, has a right to rely upon the discharge by the master of his duties in respect to these things. Wharton on Negligence, Sec. 211; Wood on Master and Servant, Sec. 329; Chicago & E. I. R. R. Co. v. Hines, 132 Ill. 161; Elliott v. Hall, 15 Law Rep., Q. B. 315; Pennsylvania Coal Co. v. Kelly, 54 Ill. App. 622.

He is presumed to have a knowledge of the principles upon which his machinery works, and therefore of the consequences likely to arise from defects of which he has notice. If an accident arises from a defect of which he had notice he can not say that he did not think the defect to be of consequence. Wood on Master and Servant, Secs. 329 and 348; Pennsylvania Coal Co. v. Kelly, 54 Ill. App. 622.

Under the recent decisions of this court the trial judge erred in directing a verdict. See Parker v. Lake S. & M. S. Ry. Co., 20 Brad. 280; Lake S. Foundry Co. v. Rakowski, 54 Ill. App. 213; Canning v. McMillan, 55 Ill. App. 232; Anderson v. Bradley, 55 Ill. App. 236; Kimel v. Chicago B. & Q. R. R. Co., 55 Ill. App. 244; Sendzikowski v. McCormick H. M. Co., 58 Ill. App. 418; Ambrose v. Angus, 61 Ill. App. 304; Ziegler v. Pennsylvania Co., 63 Ill. App. 410; Broadbent v. Chicago & G. T. Ry. Co., 64 Ill. App. 231; Chicago Edison Co. v. Hudson, 66 Ill. App. 639; Swift & Co. v. Fue, 66 Ill. App. 657; Lehigh v. World's Col. Ex., 67 Ill. App. 28; Hutchinson v. Chicago & A. R. R., 67 Ill. App. 96; Hines Lumber Co. v. Ligas, 68 Ill. App. 523.

MILES J. DEVINE, attorney for appellee.

Decisions may be found which hold that if there is any evidence—even a scintilla—tending to support the plaintiff's case, it must be submitted to the jury; but the more reasonable rule which has now come to be established by the better authority, is that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict if returned must be set aside, the court is not bound to submit the case to the jury but must direct a verdict for the defendant. Simons v. Chicago & Tomah R. R. Co., 110 Ill. 346, cited and approved in Lake Shore & M. S. R. R. Co. v. O'Connor, 115 Ill. 261; Doane v. Lockwood, 115 Ill. 490; Bartelott v. International Bank, 119 Ill. 271.

A master is bound to inform his servant of all dangers incident to the service of which he, the master, is cognizant, and of which the master is aware and ought to know, which are unknown to the servant and would not be readily ascertainable except by a person possessed of peculiar knowledge, which the master has no reason to suppose the servant possesses. Dangers which are the result of common knowledge, which can readily be seen by common observation, the servant assumes the risk of. Swift & Co. v. Fue, 66 Ill. App. 651; Wood on Master and Servant, 714, 721; Richardson v. Cooper, 88 Ill. 270.

An employe can not recover for an injury suffered in the course of business in which he is employed from defective machinery used therein after he had knowledge of the defect and continued to work, it being held that upon becoming aware of the defective condition of such machinery he should desist from his employment; and if he does not do so, but chooses to continue on, he is deemed to have assumed the risk of such defects, at least when he had not been induced by his employer to believe that the change would be made and had not plainly objected. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Chicago & Alton R. R. Co. v. Munroe, 85 Ill. 25.

The employe is required to establish three propositions to sustain his action:

1.   That the appliances were defective.

2.   That the master had notice thereof, or knowledge, or ought to have had such knowledge.

3.   That the servant did not know of the defect or risk and had not equal means of knowing with the master. Goldie v. Werner, 151 Ill. 551.

Where a servant had knowledge of the risk it must appear that the servant was led to continue the employment by the master's promise that the defect complained of should be remedied.   Where the servant does not complain upon his own account and continues in the employment with full knowledge of the risk, he can not recover of the master because the latter, when the defective condition is called to his attention by the servant, gives assurances which do not induce the servant to remain, that the defect should be remedied.   Bailey on Master's Liabilities for Injuries to Servant, 208, 209;  Missouri Furnace Co. v. Abend, 107 Ill. 44.

Knowledge of the defect or insufficiency in the machinery or implements must be brought home to the master or proof given that he was ignorant of the same through his own negligence or want of care;  or, in other words, it must be shown that he either knew or ought to have known of the defects which caused the injury.   Sack v. Dolese et al., 137 Ill. 129.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

The appellant sued to recover for personal injuries alleged to have resulted from negligence of appellee, his employer.

The negligence charged is the furnishing to appellant of an unsafe appliance, viz., a defective clamp, used in the construction of a swinging scaffold upon which appellant worked.   Through the giving way of this clamp the scaffold was dropped and appellant was injured.

It is alleged and evidence was given tending to prove that appellant complained of the condition of the clamp in question, and was promised by the foreman of appellee a day or two before the injury, that the defect would be remedied.

Upon these allegations and upon evidence tending to

establish them, the trial court held that no sufficient cause of action was shown, and at the conclusion of the evidence for appellant, directed a verdict of not guilty.

The question presented here is the sufficiency of appellant's case for submission to a jury.

No question is raised as to the duties or the particular office of the "foreman" in this case, or as to the liability in general of the municipality for negligence of such an official in dealing with a subordinate employed in work of the kind shown here.

It would seem from the record and from the arguments of counsel for the parties, that the ruling of the trial court was based solely upon the theory that the danger arising from the defective condition of this clamp came under the application of the doctrine of assumed hazard. The doctrine of assumed hazard is part of the contractual relation between master and servant, in that the servant at the time of his employment impliedly agrees with the master that he will take upon himself all those risks which are ordinarily incident to the nature of his service, in consideration of the wages which are supposedly commensurate with the dangers of the employment.

The negligent conduct of the servant in remaining exposed to a known danger, arising from a particular defect, not part of the risks usually incident to the service, is frequently called an assumption of hazard. It does not come within the general doctrine of assumed hazard; and it does logically come under the doctrine of contributory negligence. But in either event, whichever term be applied to the behavior of the servant, whether it be called an assuming of the hazard or contributory negligence, a fact is presented by this record which might be found by the jury to negative either the assuming of the risk by the servant or contributory negligence upon his part in remaining exposed to it, viz., the promise to repair. Whether under given facts, reliance upon a promise to repair and continued exposure to the known danger, is or is not negligence, is a question for the jury. Missouri Fur. Co. v. Abend, 107 Ill. 44, and cases therein cited.

And if the doctrine of assumed hazard could be invoked, it would still remain a question of fact for the jury, whether the promise, under the given facts, negatived any assumption of the risk.

No matter in the record is brought to our attention by counsel which would afford a sufficient reason in law for withdrawing the case from the jury.

The judgment is reversed and the cause remanded.